## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18CR209 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL B. FLEISCHER, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

The Court must decide whether to impose the $5,000 assessment mandated by the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014. Defendant argues it is error to impose the assessment since he is indigent. The Court disagrees. For the following reasons, the Court **ORDERS** Defendant to pay the $5,000 assessment under the JVTA.

On April 8, 2019, Defendant pleaded guilty to one count of Sexual Exploitation of Children, a violation of 18 U.S.C. § 2251(a); and one count of Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2). For these crimes, the Court sentenced him to an aggregate prison term of 447 months and a lifetime period of supervised release. The Court did not impose restitution or a fine, and it ordered Defendant to pay a Special Assessment of $200. As for the assessment under the JVTA, the Court held the matter in abeyance pending further briefing.

Both parties complied with the Court order and briefed the issue. The Government argued that Defendant should pay the JVTA assessment. (Doc. 35). Defendant disagreed, arguing instead he is indigent and cannot pay the $5,000. (Doc. 43).

The JVTA requires a court to "assess an amount of $5,000 on any non-indigent person…convicted of an offense under…chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3). "Defendants have '20 years after the release from imprisonment' to pay the assessment." *United States v. Wandahsega*, 924 F.3d 868, 888 (6th Cir. 2019) (citing 18 U.S.C. §§ 3014(g), 3613(b)).

While the imposition of the $5,000 assessment is mandatory under the JVTA, a court cannot impose the monetary sanction on an indigent defendant. *United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019). In determining indigency under § 3014, courts in the Sixth Circuit must answer two questions: "(1) is the defendant impoverished *now*; and (2) if so, does the defendant have the means to provide for himself so that he will *not always* be impoverished." *Id.* (emphasis in original). The defendant carries the burden of proving indigency. *United States v. Goodin*, 815 Fed. App'x 860, 868 (6th Cir. May 28, 2020).

The Court finds the Defendant has not satisfied his burden in proving indigency under § 3014. Extremely relevant to the Court's consideration of the first *Shepherd*-question is Defendant's transfer (or attempted transfer) of approximately $6,700 to his father shortly after his arrest. (*See* Doc. 35-1). Defendant has neither disputed the prison transcript nor satisfactorily explained the transfer of funds. While it is true that the Probation Department found Defendant to have a negative net worth at the time of its investigation, (Doc. 28, PageID: 111, ¶ 75), this finding did not consider Defendant's accounts that he transferred to his father. Moreover, the Court has also considered this information when it declined to impose a fine. Nor

did the Court award any restitution. Finally, although Defendant qualified for Court-appointed counsel, this determination, while probative, is not dispositive. *Shepherd*, 922 F.3d at 759.

Defendant focuses most of his brief on his future inability to pay the assessment. According to Defendant, he will be in his sixties when released with little employable skills and little time to join the workforce. And while he may work in prison, his earnings will be minimal and not enough to satisfy the assessment.

The defendant in *United States v. Easterling* made a similar argument. There, the defendant faced a 90-year prison sentence, argued he could not satisfy the assessment on meager prison earnings and would be unable to satisfy the requirement upon release. 811 Fed. App'x 306, 308-09 (6th Cir. Apr. 28, 2020). The Sixth Circuit disagreed, affirming the district court's imposition of the assessment. *Id.* at 308. Importantly, *Easterling* found that a lengthy incarceration does not necessarily mean that a defendant cannot earn money in the future. *Id.* at 310. Although $.12 to $.40 per hour "are indisputably meager, they are funds that can be assigned to [Defendant's] financial obligations and support the district court's finding that he will have the ability to work in prison." *Id.*

The same is true here. Defendant has a lengthy prison sentence to earn money to put towards paying the assessment. *Wandahsega*, 924 F.3d at 889; *Goodin*, 815 Fed. App'x at 868 (a defendant's future ability to earn includes in-prison earnings). Moreover, compared to similarly situated defendants facing the JVTA assessment, Defendant is in better financial health than others order to pay the assessment. *See Shepherd*, 922 F.3d at 756-57 (defendant ordered to pay JVTA assessment despite facing liability of $55,000 when released from prison); *Wandahsega*, 924 F.3d at 889 (defendant ordered to pay JVTA assessment despite previous

- 3 -

- 4 -

liabilities over $30,000); *Goodin*, 815 Fed. App'x at 868 (defendant facing over $175,000 in liabilities had to pay JVTA assessment).

Accordingly, the Court finds Defendant not indigent for purposes of § 3014. His current financial debt is not as severe as others facing similar assessments. Moreover, he has not satisfactorily explained the transfer of approximately $6,700 while this case was pending. Finally, Defendant has a future ability to earn money to satisfy the assessment both while imprisoned and upon release.

Therefore, the Court **ORDERS** that Defendant pay the $5,000 assessment under the JVTA. An Amended Judgment will be issued separately.

**IT IS SO ORDERED.**

                                               s/ Christopher A. Boyko
                                               **CHRISTOPHER A. BOYKO**
                                               **Senior United States District Judge**

**Dated: April 1, 2021**